UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SWAFFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:17-CV-2529 NAB |
| ) | |
| ANDREW M. SAUL[1], ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Michael Swafford's appeal regarding the denial of disability insurance benefits under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 9.] The Court has reviewed the parties' briefs and the entire administrative record, including the transcript and medical evidence. Based on the following, the Court will affirm the Commissioner's decision.

### Issues for Review

Swafford presents two issues for review. First, Swafford asserts that the residual functional capacity ("RFC") determination is not supported by substantial evidence. Second, Swafford contends that the administrative law judge ("ALJ") failed to make a proper credibility

---

[1] At the time this case was filed, Nancy A. Berryhill was the Acting Commissioner of Social Security. Andrew M. Saul became the Commissioner of Social Security on June 4, 2019. When a public officer ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). Later proceedings should be in the substituted party's name and the Court may order substitution at any time. *Id.* The Court will order the Clerk of Court to substitute Andrew M. Saul for Nancy A. Berryhill in this matter.

determination. The Commissioner asserts that the ALJ's decision is supported by substantial evidence in the record as a whole and should be affirmed.

## Standard of Review

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Social Security Administration ("SSA") uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled. 20 C.F.R. § 404.1520(a)(1). First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities and meets the durational requirements of the Act. 20 C.F.R. § 404.1520(a)(4)(ii). Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix of the applicable regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairments do not meet or equal a listed impairment, the SSA determines the claimant's RFC to perform past relevant work. 20 C.F.R. § 404.1520(e).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant meets this burden, the analysis proceeds to step five. At step five, the burden shifts to the Commissioner to establish the claimant maintains the RFC to perform a significant number of jobs in the national economy. *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000). If the claimant satisfied all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled. 20 C.F.R. § 404.1520(a)(4)(v).

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court reviews the decision of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). The Court determines whether evidence is substantial by considering evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006). The Court may not reverse just because substantial evidence exists that would support a contrary outcome or because the Court would have decided the case differently. *Id.* If, after reviewing the record as a whole, the Court finds it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's finding, the Commissioner's decision must be affirmed. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). The Court must affirm the Commissioner's decision so long as it conforms to the law and is supported by substantial evidence on the record as a whole. *Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 729 (8th Cir. 2003).

## Discussion

Swafford's disability insurance benefits application lists the following impairments that that limit his ability to work: bilateral knee reconstruction, spinal fusion L4/L5/S1, depression, anxiety, hand numbness, and foot numbness. (Tr. 195.) Swafford worked as a carpenter for 15 years and suffered a workplace injury in February 2013. He last worked on April 4, 2013. (Tr. 196.) His alleged onset date of disability is February 28, 2013.

Swafford's application for disability insurance benefits was denied and he requested a hearing before the administrative law judge. (Tr. 94-105, 115-16.) After the administrative hearing, the ALJ found that Swafford had the severe impairments of status/post spinal fusion with

lumbar radiculopathy. (Tr. 13.) The ALJ also found that Swafford did not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. (Tr. 16.) Next, the ALJ found that Swafford had the RFC to perform sedentary work, except that he can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. (Tr. 16.) The ALJ also found that he could occasionally stoop, kneel, and crouch, but never balance or crawl. (Tr. 16.) The ALJ also limited Swafford to occasional contact with the public. (Tr. 16.) Then, the ALJ found that Swafford was unable to perform his past relevant work, but there were jobs that exist in significant numbers in the national economy that he could perform. (Tr. 21.) Therefore, the ALJ determined that Swafford had not been under a disability under the Social Security Act from February 28, 2013 through the date of the decision, June 15, 2016. (Tr. 22.)

The Social Security Report regarding evaluation of symptoms in social security disability claims was superseded on March 16, 2016. *See* SSR 16-3P, 1996 WL 374186, Social Security Ruling 16-3p, Policy Interpretation Ruling Title II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of Individual Statements (July 2, 1996). Also, many Social Security regulations were amended effective March 27, 2017. Per 20 C.F.R. §§ 404.614, 404.1527, the Social Security Administration uses the regulations in effect at the time that this claim was filed.

**Residual Functional Capacity**

Swafford states that the ALJ's RFC lacks evidentiary support in the record and the record supports his claim that he is disabled. Swafford contends that Dr. James Coyle's and Dr. David Peeples' opinions were either irrelevant or contradicted by the record and the RFC is inconsistent

with their opinions. Therefore, Swafford contends that the ALJ should have ordered a consultative examination.

The RFC is defined as the most the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. § 404.1545(a). The RFC is a function-by-function assessment of an individual's ability to do sustained work-related physical and mental activities on a regular and continuing basis.[2] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Pearsall*, 274 F.3d at 1217. "It is the claimant's burden, and not the Social Security Commissioner's burden, to prove the claimant's RFC." *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox*, 471 F.3d at 907.

The ALJ has a duty to fully develop the record. *Smith v. Barnhart*, 435 F.3d 926, 930 (8th Cir. 2006). In some cases, this duty requires the ALJ to obtain additional medical evidence, such as a consultative examination of the claimant, before rendering a decision. *See* 20 C.F.R. § 404.1519a(b). "There is no bright line test for determining when the [Commissioner] has failed to develop the record. The determination in each case must be made on a case by case basis." *Battles v. Shalala*, 36 F.3d 43, 45 (8th Cir. 1994). A claimant for social security disability benefits has the responsibility to provide medical evidence demonstrating the existence of an impairment and its severity during the period of disability and how the impairment affects the claimant's functioning. 20 C.F.R. § 404.1512.

---

[2] A regular and continuing basis means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.

"Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). There is no requirement, however, that a RFC finding be supported by a specific medical opinion. *Hensley*, 829 F.3d at 932 (RFC affirmed without medical opinion evidence); *Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013) (same); *Perks v. Astrue*, 687 F.3d 1086, 1092-93 (8th Cir. 2012) (same). "In the absence of medical opinion evidence, medical records prepared by the most relevant treating physicians can provide affirmative medical evidence supporting the ALJ's residual functional capacity findings." *Hensley*, 829 F.3d at 932 (citing *Johnson v. Astrue*, 628 F.3d 991, 995 (8th Cir. 2001)). If the medical record is adequately developed, the ALJ is not required to seek additional information or order a consultative examination. *Hensley*, 829 F.3d at 932 (citing *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 372-73 (8th Cir. 2016)).

Based on a careful review of the record, the Court finds that the ALJ's RFC determination is supported by substantial evidence in the record as a whole. Medical records regarding Swafford's surgery, physical therapy, work conditioning, and pain management provide substantial detail about Swafford's ability to perform work related activities. Specifically, the objective medical testing includes x-rays, MRIs, nerve conduction studies, and a functional capacity report from several different providers. The medical evidence provides a longitudinal record regarding Swafford's injury and subsequent treatment. The court reviews "the record to ensure that an ALJ does not disregard evidence or ignore potential limitations, but [it is not required for] an ALJ to mechanically list and reject every possible limitation." *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011). Likewise, the ALJ does not have to match each RFC limitation

with a specific medical record. The RFC is based on medical and non-medical evidence, including a claimant's activities of daily living.

In this case, there is extensive evidence in the record regarding Swafford's physical limitations. Dr. Coyle performed Swafford's spine fusion surgery and treated him pre and post-surgery. Dr. Coyle's pre and post-surgery treatment notes detail findings on Swafford's lifting, flexion, range of motion, as well as his complaints of pain and numbness. (Tr. 431-505.) Dr. Coyle then referred Swafford to a neurologist, Dr. Peeples, to determine whether Swafford had "any objective neurologic deficits" to explain his ongoing symptoms of numbness. (Tr. 441.) Dr. Peeples examined Swafford and reviewed the results of the electromyography/nerve conduction study ("EMG/NCS") on December 11, 2013. (Tr. 332-343.) Dr. Peeples opined that the bilateral lower extremity EMG/NCS showed no abnormalities were present, which would explain his symptoms. Dr. Peeples opined that he "could not relate Mr. Swafford's symptoms of foot numbness and pain to any condition that would be related to his occupational back injury. His neurological examination is normal, and he specifically has no findings for a central nervous system abnormality, demyelinating disorder, myelopathy, radiculopathy, or peripheral neuropathy to account for his symptoms." (Tr. 334.) Dr. Coyle prescribed aquatic and land-based physical therapy. (Tr. 444, 450.) Swafford reported significant pain, tingling, and numbness throughout his physical therapy and work conditioning. (Tr. 352-424, 511-557.)

On February 20, 2014, Swafford participated in a functional capacity evaluation ("FCE"). (Tr. 524-46.) The evaluator, a physical therapist, indicated that "overall test findings, in combination with clinical observations, suggest Mr. Swafford's subjective reports of pain and associated limitation to simply be unreliable … In describing such findings, this evaluator is by no means implying intent. Rather it is simply stated that Mr. Swafford can do more at times than he

currently states or perceives." (Tr. 526.) The evaluator also noted submaximal effort on multiple tests and Swafford stopped several times during testing. In summary, the evaluator opined that Swafford was able to function within the light-medium physical demand level, which is below the required demand for his employment as a carpenter. (Tr. 527.) Although the physical therapist's opinion cannot be used to make a diagnosis, the ALJ can use this evidence to show the severity of a claimant's impairments and how it affects his ability to work. 20 C.F.R. § 404.1513(d). Dr. Coyle also used the FCE to support his opinion that Swafford could lift thirty-five pounds, floor-to-waist, waist to shoulder, shoulder to overhead. (Tr. 434-35.)

On April 6, 2016, Swafford had a CT myelogram. (Tr. 725-26.) The CT of the lumbar spine indicated mild left sided facet arthropathy without stenosis at L2-L3, clumping of the cauda equina but no evidence of impingement at L4-L5, and left inferior L5 screw abuts the posterior vertebral body cortex without extension into the thecal space with no significant impingement. (Tr. 743.) A CT of the thoracic spine showed minor anterior disc osteophytes with no evidence of significant neural impingement. (Tr. 744.) An MRI on April 22, 2016, indicated mild disc bulge and short pedicles at L3-L4, with posterior epidural fat, resulting in mild bilateral foramina narrowing and patent central canal throughout the lumbar spine. (Tr. 703-704.)

Although the ALJ gave significant weight to Dr. Coyle's and Dr. Peeples' opinions, the ALJ's RFC determination is more restricted than the doctors' opinions. (Tr. 16-20.) The ALJ acknowledged such, when she noted that she gave additional postural limitations to avoid exacerbating Swafford's back problems. (Tr. 20.) Because the ALJ's RFC is based on the entire record, the ALJ uses multiple pieces of evidence from the administrative record to formulate the RFC. Therefore, the ALJ's RFC is not required to match any particular doctor's RFC or opinion.

Further, the medical record was complete and well developed in this case, therefore, the ALJ was not required to obtain a consultative examination.

**Credibility Determination**

Next, Swafford contends that the ALJ failed to make a proper credibility determination, because the ALJ failed to properly assess his pain, failed to explain how the evidence led to conclusions, and improperly relied upon his limited activities to conclude he was not credible. In considering subjective complaints, the ALJ must fully consider all of the evidence presented, including the claimant's prior work record, and observations by third parties and treating examining physicians relating to such matters as:

> (1) The claimant's daily activities;
>
> (2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;
>
> (3) Any precipitating or aggravating factors;
>
> (4) The dosage, effectiveness, and side effects of any medication; and
>
> (5) The claimant's functional restrictions.

*Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). It is not enough that the record contains inconsistencies; the ALJ is required to specifically express that he or she considered all of the evidence. *Id.* The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004). The ALJ need only acknowledge and consider those factors. *Id.* Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir. 1988). "While the extent of daily living activities does not alone show an

ability to work, such activities may be considered along with other evidence when evaluating a claimant's credibility." *Walker v. Colvin*, 124 F.Supp. 3d 918, 936 (E.D. Mo. 2015).

"Although evidence of pain suffered by a claimant may be of necessity subjective in nature, and therefore difficult to evaluate, the [ALJ] must give serious consideration to such evidence even though it is not fully corroborated by objective examinations and tests performed on the claimant." *Northcutt v. Califano*, 581 F.2d 164, 166 (8th Cir. 1978). "Whether or not a medical explanation for the pain can be given, it is nevertheless possible that the claimant is suffering from disabling pain." *Layton v. Heckler*, 726 F.2d 440, 442 (8th Cir. 1984). "As is true in many disability cases, there is no doubt that the claimant is experiencing pain." *Perkins v. Astrue*, 648 F.3d 892, 901 (8th Cir. 2011). "While pain may be disabling if it precludes a claimant from engaging in any form of substantial gainful activity, the mere fact that working may cause pain or discomfort does not mandate a finding of disability." *Perkins*, 648 F.3d at 900.

The ALJ discounted Swafford's allegations of severe pain and extensive limitations for several reasons. (Tr. 19-20.) The ALJ noted that despite Swafford's claims that he could not sit, stand, or walk for extensive periods of time, he engaged in several extensive activities during the same time period. He was able to take a vacation to Jamaica for a week. Swafford sought a release from his doctor to participate in cross bow hunting and went deer hunting on four occasions. For a period of time, Swafford mowed his lawn using a self-propelled mower. Swafford was the primary caretaker of his child between August 2015 and January 2016. The ALJ also noted that there were discrepancies between Swafford's testimony and the reports he made to doctors in his medical record. Finally, the ALJ noted that Swafford made submaximal effort during the FCE.

The ALJ can consider all of these factors when making a credibility determination. *See e.g. Juszczyk v. Astrue*, 542 F.3d 626, 632 (8th Cir. 2008) (If an ALJ explicitly discredits a

claimant's testimony and gives good reasons for doing so, deference is given to the ALJ's credibility determination); *Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005) (ALJ can disbelieve subjective complaints if there are inconsistencies in the evidence as a whole and lack of corroborating evidence is just one of the factors the ALJ considers); *Renstrom v. Astrue*, 680 F.3d 1057, 1067 (8th Cir. 2012) (ALJ could consider multiple vacations, daily chores, and ability to provide self-care in credibility assessment); *Young v. Apfel*, 221 F.3d 1065, 1069 (8th Cir. 2000) (ALJ could consider that claimant functioned as the primary caretaker for her home and two small children); *Wilson v. Astrue*, No. 1:08-CV-57 SNLJ/DDN, 2009 WL 1811879 at *15 (E.D. Mo. June 25, 2009) (ALJ could consider that clamant went hunting and fishing); *Rikard v. Astrue*, No. 07-3029-CV-S-REL-SSA, 2008 WL 250580 at *25 (W.D. Mo. Jan. 28, 2008) (ALJ can consider claimant's hunting and dragging a 30 pound bobcat home during period of alleged disability). Substantial evidence as a whole supports the ALJ's finding that Swafford's subjective complaints were not entirely credible. Therefore, the Court finds that the ALJ properly evaluated Swafford's credibility.

## Conclusion

The Court finds that substantial evidence supports the ALJ's decision as a whole. As noted earlier, the ALJ's decision should be affirmed "if it is supported by substantial evidence, which does not require a preponderance of the evidence but only enough that a reasonable mind would find it adequate to support the decision, and the Commissioner applied the correct legal standards." *Turpin v. Colvin*, 750 F.3d 989, 992-93 (8th Cir. 2014). The Court cannot reverse merely because substantial evidence also exists that would support a contrary outcome, or because the court would have decided the case differently. *Id.* Substantial evidence supports the Commissioner's final decision.

11

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**.  [Docs. 1, 20.]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Andrew M. Saul for Nancy A. Berryhill in the court record of this case.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of September, 2019.